# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 22, 2018

```
* * * * * * * * * * * * * * * * * *
JACLYN RENE BALES, on behalf        *        UNPUBLISHED
of her minor child, J.B.A.,         *
                                    *        No. 15-882V
              Petitioner,           *
v.                                  *        Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *        Special Master's Discretion;
                                    *        Petitioner's Voluntary Dismissal;
              Respondent.           *        Attorney's Reduced Rate.
* * * * * * * * * * * * * * * * * *
```

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 2, 2018, Jaclyn Rene Bales ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion (ECF No. 54). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs and awards a total of $10,329.00 in attorneys' fees and costs.

## I.    Procedural History

On August 17, 2015, petitioner filed a claim on behalf of her minor child, J.B.A., pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). On October 6, 2015, she filed an Amended Petition (ECF No. 9). Petitioner alleged that as a result

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

of receiving a DTaP vaccination on August 22, 2012, J.B.A. suffered seizures, developmental delay, and encephalopathy. Petition at 1-2; Amended Petition. Petitioner's original counsel retained an expert in neurology. The expert determined that J.B.A. had a SCN1A genetic mutation which is often associated with a seizure disorder (Dravet Syndrome). The expert indicated that he could not provide an opinion supporting vaccine causation. Petitioner's original counsel endeavored to retain another expert, but ultimately determined not to proceed with the case. I awarded interim attorneys' fees and costs to petitioner's original counsel and granted his motion to withdraw on April 26, 2017. (ECF Nos. 35, 36).

On May 10, 2017, I held a status conference with petitioner appearing *pro se* and Ms. Camille Collett appearing on behalf of respondent. Petitioner stated that J.B.A.'s genetic test results indicate that J.B.A. inherited the SCN1A gene mutation from a parent. Petitioner (J.B.A.'s mother) stated that she has the same mutation, but she is asymptomatic. For this reason, petitioner did not believe that J.B.A.'s SCN1A mutation caused the seizure disorder. I allowed petitioner the opportunity to seek other counsel and obtain an expert opinion explaining why it is unlikely that the SCN1A mutation caused the seizure disorder in this specific case. Scheduling Order (ECF No. 40).

On May 17, 2017, Ms. Gentry and the law school clinic substituted the *pro se* petitioner as attorney of record. Consented Motion (ECF No. 41). I held another status conference and then ordered petitioner to file expert report(s) in support of the claim. After receiving one extension of time, petitioner did not file any expert report(s). Instead, she filed an unopposed motion to dismiss her claim on November 14, 2017, which was granted the following day. Decision (ECF No. 49). The parties filed a joint notice not to seek review on November 29, 2017 (ECF No. 50) and judgment was entered on November 30, 2017 (ECF No. 51).

On May 2, 2018, petitioner filed a motion for final attorneys' fees and costs totaling $10,368.00. Petitioner's Motion (ECF No. 54). The motion includes petitioner's signed statement that she did not incur any expenses or fees related to the prosecution of this petition, pursuant to General Order #9. Id. at 2. On May 16, 2018, respondent filed a response to the motion for attorneys' fees and costs. Respondent's Response (ECF No. 55). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. This matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa-15(e)(1). I find no cause to doubt the good faith of this claim. With regard to reasonable basis, the original counsel decided to withdraw from the case, but petitioner articulated certain reasons why she wished to continue pursuing the claim. I allowed petitioner one final opportunity to retain other counsel and seek a supportive expert

report. Ms. Gentry and the law school clinic entered their appearance, reviewed the records, retained and received an opinion from a neurologist with significant experience in the Program, and then consulted with petitioner. Afterwards, petitioner agreed to voluntarily dismiss her claim. Based on the evidence in the record and the lack of objection from respondent, I find that there was a reasonable basis for petitioner to proceed to the point that she did. Thus, she is eligible for a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. Id. at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313 (Fed. Cl. 2008), aff'g No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

I have reviewed the billing records and supporting documentation for this request. Most of the hourly rates are reasonable. The one exception is that Ms. Gentry has billed $430 per hour for work she performed in 2017.

The Office of Special Masters has promulgated attorneys' forum hourly rate fee schedules for work performed in recent years. The 2017 schedule provides that for attorneys with between 20 – 30 years of experience in practice as of 2017, the reasonable range is $358 - $424 per hour.[3] By her own admission, Ms. Gentry falls within this category as she graduated from law school in 1995 and has "more than 20 years of litigation experience." See Petitioner's Motion at 13 (Affidavit of Renee J. Gentry). However, she requests a higher rate of $430 per hour. Ms. Gentry does not acknowledge the fee schedule or argue that it should not guide a determination of her rate. I have previously explained the fee schedule and have limited Ms. Gentry to the upper limit of $424 per hour for work performed in 2017. See Bookey v. Sec'y of Health & Human Servs., No. 13-026V, 2017 WL 2544892 (Fed. Cl. Spec. Mstr. May 18, 2017); accord Meramo v. Sec'y of Health & Human Servs., No. 15-1234V, 2017 WL 4321084 (Fed. Cl. Sept. 1, 2017). So have other special maters. See, e.g., Eworonsky v. Sec'y of Health & Human Servs., No. 04-992V, 2018 WL 2225379 (Fed. Cl. Spec. Mstr. April 20, 2018); Panaitescu v. Sec'y of Health & Human Servs., No. 16-753V, 2017 WL 4876036 (Fed. Cl. Spec. Mstr. Oct. 2, 2017); Cunningham v. Sec'y of Health & Human Servs., No. 13-483V, 2017 WL 4323145 (Fed. Cl. Spec. Mstr. Sept. 1, 2017).

It is curious that Ms. Gentry has continued to bill a rate which is marginally higher than the appropriate range, which has been repeatedly denied, without acknowledgement or explanation. She should be aware by this point that I (and other special masters) believe that her requested rate of $430 for 2017 is unreasonable. Each request for this rate unnecessarily consumes judicial resources. It also suggests that Ms. Gentry is not drawing from her past

---

[3] See United States Court of Federal Claims—OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914

experience in the Vaccine Program upon submitting her fee request. For this reason, in the present case I will not award Ms. Gentry the requested rate of $430, or the rate of $424 which I have previously accepted to be reasonable. Instead, I will award Ms. Gentry a slightly lower rate of $418. **This results in a deduction of $39.00 from the fee request.**

I also find the hours expended to be reasonable. On review, the billing records include an adequate log of the tasks performed, the number of hours, the dates, and the individuals involved. The total number of hours appropriately reflects that new counsel entered the case, developed an independent understanding of the records, consulted with an expert, and assisted petitioner to understand the issues and dismiss the case. I have previously reduced the law school clinic's billable hours based on duplicative work and excessive interoffice communication. Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 2080574 (Fed. Cl. Spec. Mstr. May 10, 2016). However, in this instance, the work appears reasonable and only one student-attorney billed time. Therefore, I find that the hours are generally reasonable and will not be adjusted.

### b. Attorneys' Costs

Like attorneys' fees, costs must also be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29 (1992). Here, the only costs are for an expert opinion (based on a reasonable hourly rate and number of hours expended) and photocopies. I find that these are reasonable and should be awarded in full.

## III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $10,329.00, representing reimbursement for petitioner's final attorneys' fees and costs, in the form of a check made payable jointly to petitioner and petitioner's attorney, Ms. Renee J. Gentry of the Vaccine Injury Clinic, George Washington University Law School.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B,[5] the Clerk of the Court is directed to **ENTER JUDGMENT** herewith.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.